UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN BARNEY SCOTT,

    Plaintiff,

vs.                                        Case No. 8:09-cv-566-T-27EAJ

HILLSBOROUGH AREA REGIONAL
TRANSIT AUTHORITY,

    Defendant,
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 6), to which *pro se* Plaintiff has not responded. Plaintiff has filed a one-count Complaint for disparate treatment based on race pursuant to Title VII of the Civil Rights Act of 1968.[1] In the instant motion, Defendant argues that Plaintiff's allegations are insufficiently detailed and that Plaintiff has failed to adequately allege that he exhausted his administrative remedies, as Plaintiff failed to attach his Charge of Discrimination or Right to Sue letter to the Complaint. The Court disagrees.

Plaintiff has provided "a short and plain statement of the claim," which gives Defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Specifically, Plaintiff has alleged that he is African-American and was pretextually terminated from employment as a bus driver for improperly touching a patron. (Dkt. 1, ¶¶ 14, 17). Plaintiff alleges that no investigation

---

[1] Although Defendant argues that Plaintiff incorrectly cites 42 U.S.C. § 2000e-5 -- rather than 42 U.S.C. § 2000e-2, which outlines unlawful employment practices -- § 2000e-5 provides authority for the Court's jurisdiction. Moreover, Plaintiff's citation to § 2000e-5, in combination with the specificity of his allegations, adequately notifies Defendant of the basis for Plaintiff's Complaint.

1

was performed to determine the validity of the patron's claim, and he denies any inappropriate behavior. (Dkt. 1, ¶¶ 17, 19). Plaintiff further alleges that other employees who are not African-American and who have been accused of similar conduct have been reprimanded and not terminated. (Dkt. 1, ¶¶ 21-22). The Complaint therefore contains sufficient factual allegations, which, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). Defendant may ascertain the identities of the allegedly similar situated employees in discovery.

Plaintiff has also adequately alleged that he exhausted his pre-suit administrative remedies. The exhaustion of administrative remedies in Title VII actions is a condition precedent, which may be generally alleged pursuant to Fed. R. Civ. P. 9(c). *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1009 (11th Cir. 1982). Plaintiff specifically alleges that he has "complied with all conditions precedent to the maintenance of this action" and that he "exhausted his state administrative law remedies." (Dkt. 1, ¶¶ 10-11).[2]

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 6) is **DENIED**.

**DONE AND ORDERED** in chambers this 15th day of June, 2009.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to:
Counsel of Record

---

[2] Plaintiff also alleges that his Charge of Discrimination and Right to Sue letter are attached to the Complaint, although the Complaint does not contain the referenced exhibits. (Dkt. 1, ¶ 12). This does not, however, render Plaintiff's remaining allegations insufficient.